## J. M. TIMMONS *v.* E. WHITE.

Where the plaintiff has resided out of the State, he is entitled to the benefit of the double term of prescription up to the date of the promulgation of the Act of the Legislature in 1848, placing residents and non-residents on the same footing as to prescription.

APPEAL from the District Court of the Parish of East Feliciana, *Ratliff*, J. *W. F. Keenan* and *J. B. Smith*, for plaintiff. *Muse & Hardee*, for defendant and appellant.

LAND, J. In the partition of the estates of *John* and *Lydia White*, deceased, the defendant obligated himself to pay to the plaintiff six hundred and sixty-six dollars and thirty-six and five-thirteenth cents, with ten per cent. interest from the 4th of June, 1845, and to pay to *William J. Timmons* the sum of six hundred and fifty dollars and ninety-seven and nine-thirteenth cents, on account of the portions coming to them from the estate of *Lydia White*, their mother.

This suit is to recover the debts mentioned—the plaintiff alleging the transfer to himself of the debt due to *William J. Timmons*.

The defence is, the prescription of five and ten years.

The obligation of the defendant bears date the 4th of June, 1845, and citation was served in this suit on the 7th of January, 1857.

The plaintiff was an absentee, residing in the State of South Carolina, and entitled, for a part of the time, to the prescription of twenty years, that is to say, from the 4th of June, 1845, to the 14th of March, 1848—but still, according to the rule of computation in such cases, his right of action was prescribed, at the time of the commencement of this suit, and we regret to say that the evidence in the record is insufficient to establish an interruption of prescription.

It is, therefore, ordered, adjudged and decreed, that the judgment be reversed, and the verdict of the jury set aside. It is further ordered and decreed, that there be judgment in favor of defendant, with costs in both courts.